IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **FIRST SUPERSEDING INDICTMENT** |
| v. | CRIMINAL NO. 1:12cr68HSO-JCG |
| PAULA VILLALVA-PATRICIO | 18 U.S.C. § 371<br>18 U.S.C. § 554<br>18 U.S.C. § 922(a)(5) |

**The Grand Jury charges:**

## COUNT 1

That from on or about June 12, 2010 and continuing until on or about November 2011, in Jackson County in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **PAULA VILLALVA-PATRICIO,** did knowing and willfully conspire with others known and unknown to the Grand Jury, to commit offenses against the United States as follows:

Smuggling in violation of Section 554, Title 18, United States Code.

It was a part of the conspiracy that the defendant would fraudulently and knowingly receive, conceal, and facilitate the transportation and concealment of firearms, ammunition, scopes, barrels, gun stocks, flak jackets, and magazines, knowing said articles to be intended for exportation from the United States to Mexico, contrary to any law or regulation of the United States.

In furtherance of the conspiracy and to carry out its objectives, the following overt acts, among others, were committed:

1. On August 31, 2011, **PAULA VILLALVA-PATRICIO** rode in a motor vehicle in which three (3) flak jackets and two (2) pistols were concealed, from North Carolina with the knowledge that the items would be transported to Mexico.

2. On November 1, 2011, **PAULA VILLALVA-PATRICIO** directed another to drive a motor vehicle in which 9 rifles, 5 shotguns, 8 pistols, 902 rounds of ammunition, 16 magazines, 5 shotgun barrels, 6 gun stocks and 2 scopes were concealed with the intent to transport said items to Mexico.

All in violation of Sections 371 and 2, Title 18, United States Code.

### COUNT 2

From on or about June 12, 2010 and continuing through November 1, 2011, in Jackson County in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **PAULA VILLALVA-PATRICIO**, aided and abetted by others known and unknown to the Grand Jury, did willfully and knowingly attempt to export and send firearms, from the United States contrary to Title 22, United States Code, Sections 2778 (b)(2) and 2778 (c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1, laws and regulations of the United States.

In violation of Sections 554 and 2, Title 18 United States Code.

### COUNT 3

From on or about June 12, 2010 and continuing through November 1, 2011, in Jackson County in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **PAULA VILLALVA-PATRICIO**, aided and abetted by others known and unknown to the Grand Jury, did willfully and knowingly attempt to export and send firearms, from the United States contrary to Title 18, United States Code, Section 922(a)(5), a law and regulation of the United States.

In violation of Sections 554 and 2, Title 18 United States Code.

## COUNT 4

On or about August 31, 2011, in the Southern Division of the Southern District of Mississippi, the defendant, **PAULA VILLALVA-PATRICIO**, aided and abetted by others known and unknown to the Grand Jury, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transport firearms, that is, a one 92 SS Centurion 9mm pistol, serial number BER304403Z and one 92 SS 9mm pistol serial number BER098576, to be delivered to a person, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of North Carolina, the State in which the defendant was residing at the time of the aforesaid transportation of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## **NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent

of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(C), Title 18, United States Code, Section 2461, Title 28, United States Code, and Section 924(d)(1), Title 18, United States Code, by Section 2461(c) by Title 28 United States Code.

HAROLD BRITTAIN
Acting United States Attorney

A TRUE BILL:
s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 2nd day of May, 2017.

UNITED STATES MAGISTRATE JUDGE

4