IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 1:12cr68HSO-JCG

PAULA VILLALVA-PATRICIO

**GOVERNMENT'S NOTICE OF ITS INTENT
TO OFFER EVIDENCE OF OTHER ACTS**

Comes now the United States of America, by Annette Williams, Assistant United States Attorney, and pursuant to Rule 404(b), Federal Rules of Evidence, files its Notice of Intent to Offer Evidence of Other Acts.

**I. NOTICE**

The defendant, Paula Villalva-Patricio, is charged with conspiracy to commit offenses against the United States, that is smuggling (Count 1), two counts of smuggling (Counts 2 and 3) and illegal transport of firearms to a person out of state (Count 4). The government is presently aware of the following:

1) On March 28, 1990, at the San Clemente, California, port of entry, Paula Villalva-Patricio was apprehended smuggling an illegal alien from Mexico into the United States. This arrest resulted in a misdemeanor conviction for aiding and abetting illegal entry in violation of 18 United States Code Section 2 and 8 United States Code Section 1325.

2) On July 4, 1998, defendant was apprehended attempting to smuggle a minor illegal alien DOB 1992 from Mexico into the United States. She was allowed to return the minor child to her mother.

1

3) On January 4, 2002, at the Laredo, Texas, port of entry, Paula Villalva-Patricio was found attempting to bring a one-year old child, not her child, born November 14, 2000, and of unconfirmed alienage across the border from Mexico into the United States.

This evidence is highly probative her motive, knowledge, intent and lack of mistake for committing the offenses charged. As such, the government will seek to introduce this evidence during its case-in-chief.

## II.  DISCUSSION

**A.     Factual Background**

The first superseding indictment charges the defendant with conspiring to smuggle firearms, attempting to export and send firearms contrary to law and transporting firearms without a license for delivery out of state.

The defendant has entered a plea of not guilty and thus the government must prove the defendant guilty beyond a reasonable doubt. In order to carry its burden, the government will seek to the introduce evidence identified in paragraphs 1 through 3 of this notice pursuant to Rule 404(b). As explained in subsequent paragraphs, this evidence is relevant evidence in that it shows her intent to commit the charged crimes, provides motive for the commission of those offenses, demonstrates knowledge, absence of mistake and plan. The government will also seek to introduce this evidence as intrinsic or "intertwined" evidence. It is the intention of the government to offer this evidence during its case-in-chief.

**B.     Legal Analysis**

Rule 404(b) of the Federal Rules of Evidence provides:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove that character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Evidence of other crimes or wrongful acts has been properly admitted under this provision to prove intent, United States v. Rice, 607 F.3d 133, 141 (5th Cir. 2010); United States v. Booker, 334 F.3d 406, 411-412 (5th Cir. 2003); United States v. Campbell, 49 F.3d 1079, 1084 (5th Cir. 1994); United States v. Wallace, 32 F.3d 921, 927-928 (5th Cir. 1994); absence of mistake or accident, United States v. Sanders, 343 F.2d 511, 519 (5th Cir.2003); United States v. Robles-Vertiz, 155 F.3d 725, 730 (5th Cir. 1998); common scheme or plan, United States v. LeBaron, 156 F.3d 621, 625 (5th Cir. 1998); United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996); planning or preparation, United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975); United States v. Calvert, 523 F.2d 895, 907 (8th Cir. 1975); modus operandi, United States v. Guerrero, 169 F.3d 933, 939 (5th Cir. 1999); United States v. Bailey, 111 F.3d 1229, 1233-1234 (5th Cir. 1997); United States v. Ortega-Chavez, 682 F.2d 1086, 1091 n.6 (5th Cir. 1982); United States v. Davis, 551 F.2d 233, 234 (8th Cir. 1977); opportunity, United States v. Emmanuel, 112 F.3d 977, 980 (8th Cir. 1997); knowledge, United States v. Crawley, 533 F.3d 349, 353-355 (5th Cir. 2008); United States v. Duffant, 314 F.3d 203, 209-210 (5th Cir. 2002), identity, United States v. Guerrero, 169 F.3d at 939; United States v. Bailey, 111 F.3d at 1233-1234, and motive, United States v. Benton, 637 F.2d 1052, 1056-1057 (5th Cir. 1982); United States v. Templeton, 624

F.3d 215, 222 (5th Cir. 2010); United States v. Kadouk, 592 F.2d 877, 880 (5th Cir. 1979); United States v. Holley, 23 F.2d 902 (5th Cir. 1994). Such evidence is admissible even though it consists of acts committed subsequent to the offense charged in the indictment. United States v Brugman, 364 F.3d 613, 620-621 (5th Cir. 2004); United States v. Peterson, 244 F.3d 385, 392-393 (5th Cir. 2002). The criminal activity admitted under this section need not have resulted in a conviction, United States v. Nolan, 551 F.2d 266, 271 (10th Cir.1977), nor in the lodging of a criminal charge. United States v. Fowler, 735 F.2d 823, 830 (5th Cir. 1984). Indeed, Rule 404(b) refers not merely to "other crimes" but to "other crimes, wrongs or acts." Thus, the behavior need not be criminal. United States v. Cavin, 39 F.3d 1299, 1311 (5th Cir. 1994); United States v. Normandean, 800 F.2d 953, 956 (9th Cir. 1986). Rule 404(b) is a "rule of inclusion, [whereby] evidence of other acts relevant to a trial issue [is admitted] except where such evidence tends to only prove criminal disposition."[1] United States v. Shaw, 701 F.2d 367, 386 (5th Cir. 1983)

---

[1] In addition to the Fifth Circuit, every other federal circuit court has also emphasized that Rule 404(b) is a rule of inclusion that favors the admission of relevant extrinsic evidence. *See* United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000) ("Rule 404(b) is a rule of inclusion rather than exclusion. Although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character.") (internal quotations omitted); United States v. Carty, 993 F.2d 1005, 1011 (1st Cir. 1993) ("Rule 404(b) is a rule of inclusion, not exclusion"); United States v. Lyles, 593 F.2d 182, 195 (2nd Cir. 1979) ("this Court has reaffirmed its commitment to the inclusory form of the similar act evidence rule"); United States v. Jamal, 26 F.3d 1267, 1272 (3rd Cir. 1994) ("We have recognized that Rule 404(b) is a rule of inclusion rather than of exclusion."); United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002) (same); United States v. Myers, 102 F.3d 227, 234 (6th Cir. 1996) (same); United States v. Jordan, 722 F.2d 353, 356 (7th Cir. 1983) ("The draftsmen of Rule 404(b) intended it to be construed as one of inclusion, and not exclusion. They intended to emphasize the admissibility of other crime evidence.") (internal quotations omitted); United States v. Jones, 255 F.3d 916, 919 (8th Cir. 2001) ("Rule 404(b) ... is a rule of inclusion."); United States v. Castillo, 181 F.3d 1129, 1134 (9th Cir. 1999) (same); United States v. Segien, 114 F.3d 1014, 1022 (10th Cir. 1997) (same); United States v. Cohen, 888 F.2d 770, 776 (11th Cir. 1989) ("The rule is one of inclusion which allows such evidence unless it tends to prove only criminal propensity.").

(internal citations omitted). The government is permitted to introduce other acts or crimes evidence during its case-in-chief. *See* United States v. Beechum, 582 F.2d 898, 915 (5th Cir. 1978); United States v. Thomas, 58 F.3d 1318, 1320 (8th Cir. 1995), United States v. Misher, 99 F.3d 664, 670 (1996). In United States v. Hamilton, 684 F.2d 380 (6th Cir.1982), the defendant challenged the government's introduction of evidence, during its case-in-chief, that the defendant had uttered an altered obligation of the United States one year prior to the incidents involved in the case. In affirming the defendant's conviction, the Court said:

> We find that the evidence of the prior act was properly admitted to show intent and identity. Hamilton contends that intent was not "in issue" because he had not actively contested intent. We disagree. 18 U.S.C. § 472 requires the government to prove that the defendant passed the altered bills with the intent to defraud and the defendant in this case did not concede the issue of intent in any way. "Faced with a plea of not guilty, the prosecution is under no obligation to wait and see whether the defendant argues the non-existence of an element of crime before the prosecution presents evidence establishing that element." (citations omitted) . . . Indeed, the government has an affirmative burden to prove every element of the crime beyond a reasonable doubt. (emphasis added).

684 F.2d at 384. Likewise, the Fifth Circuit in United States v. Rentaria, 625 F.2d 1279, 1282 (5th Cir. 1980), upheld the government's introduction of extrinsic evidence of a cocaine offense during its case-in-chief, reasoning that "[s]uch proof would have to be offered during the case-in-chief because if the defendant offered no evidence there would be no opportunity to offer evidence in rebuttal." *See also* United States v. Buchanan, 633 F.2d 423, 426 (5th Cir. 1980).

The Fifth Circuit in United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (*en banc*), outlined a two-pronged test governing the admissibility of extrinsic offenses, acts and other wrongs. Regardless of whether the other crime, wrong or act occurred before or after the offense charged, the principles governing admissibility are the same. United States v. Beechum,

5

582 F.2d at 903 n.1. Under Beechum, the trial court must first conclude the extrinsic evidence is relevant to an issue other than the defendant's character and then conclude the probative value of the extrinsic offense evidence outweighs the danger of unfair prejudice to the defendant. 582 F.2d at 911. The Fifth Circuit reaffirmed this two-part test in United States v. Williams, 900 F.2d 823, 825 (5th Cir. 1990) and provided the following guidance:

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403....

Initially, the government must establish that the defendant committed the extrinsic offense, and Rule 104(b) dictates the level of proof needed to ensure admissibility:

> *Relevancy conditioned on fact*. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the Court shall admit it upon or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

If a jury could reasonably find the existence of the preliminary fact, then the evidence should be admitted. *See,* Huddleston v. United States, 485 U.S. 681, 689-690 (1988)*;* United States v. Colvin, 614 F.2d 44, 45 (5th Cir.1980) ("the preliminary fact can be decided against the proponent only where the jury could not reasonably find the preliminary fact to exist"). Thus, as long as a reasonable fact-finder could conclude the defendant committed the extrinsic offense, the government has met its burden. In fact, the uncorroborated testimony of an immunized co-conspirator can satisfy the standard delineated in Rule 104(b). *See* United States v. Trevino, 565 F.2d 1317, 1319 (5th Cir. 1978). The role of the trial court is only to decide if the jury could have found the facts by a preponderance of the evidence given the proofs at trial. United States v.

Bermea, 30 F.3d 1539, 1562 (5th Cir. 1994). *See also,* Huddleston v. United States, 485 U.S. at 689-690; United States v. Beechum, 582 F.2d at 913. The decision to allow such evidence will only be overturned where there is an abuse of discretion. *See* United States v. Maggitt, 784 F.2d 590, 597 (5th Cir. 1986).

The Fifth Circuit has also recognized that evidence consisting of other crimes is properly admitted where the evidence is inextricably bound to or intertwined with the offense charged. United States v. Watkins, 591 F.3d 780, 784 (5th Cir. 2010); United States v. Blewitt, 538 F.2d 1099, 1101 (5th Cir. 1976). This evidence is deemed intrinsic and not extrinsic. The admission of such evidence is sometimes called the res gestae exception. United States v. Blewitt, 538 F.2d at 1101. "Evidence of bad acts is 'intrinsic' to a charged crime when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries to the crime charged.'" United States v. Watkins, 591 F.3d at 784. As such, it is admitted as any other evidence and not under the provisions of Rule 404(b). United States v. Sudeen, 434 F.3d 384, 388-389 (5th Cir. 2005); United States v. Manning, 79 F.3d 212, 218 (1st Cir. 1996). Similarly, other crimes evidence is properly allowed where it is offered to prove an ongoing or continuing plan or scheme or to show the development of a course of conduct that led to the commission of the charged offense. United States v. Brown, 956 F.2d 782, 786-787 (8th Cir. 1992); United States v. Adcock, 558 F.2d 397, 401 (8th Cir. 1977). *See generally* Cissel, James C., Federal Criminal Trials, 8th Ed., 15-4[b][5] (2013). A jury is entitled to know the circumstances and background of the crime charged and cannot be expected to make its decision in a void without such knowledge of the facts. United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984).

1.  **Relevance**

If it is established that the defendant committed the acts in question, the trial court must determine whether the extrinsic act is relevant to an issue other than the character of the defendant. As previously mentioned, Rule 404(b) sets forth a non-exhaustive list of several reasons to admit extrinsic evidence; "motive, opportunity, preparation, plan, identity, and absence of mistake or accident." Knowledge and intent are also examples of two significant and legitimate reasons[2] to admit evidence of "other crimes," especially in prosecutions where the government is required to prove knowledge and intent as elements of the offense.

Rule 401 of the Federal Rules of Evidence sets forth the standard for assessing relevancy. It defines "relevant" evidence as evidence:

> ... having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.

Relevancy of evidence must be assessed by comparing the state of mind required or found in the other act and that which is required for the present offense. See United States v. Scott, 48 F.3d 1389, 1396 (5th Cir. 1995). Extrinsic evidence is probative because it "lessens the likelihood that the defendant committed the charged offense with innocent intent." Beechum, 582 F.2d at 913; United States v. Davis, 154 F.3d 772, 779 (8th Cir. 1998) (prior expunged arrest admissible to rebut a "mere presence" defense).

---

[2] As the Fifth Circuit has noted, "[B]ecause intent is subjective, it is often difficult to prove. This was the rationale behind allowing evidence of other crimes to show intent under 404(b)." United States v. Robichaux, 995 F.2d 565, 568 (5th Cir. 1993).

There is no "rigid checklist" of requirements which must be met before evidence can be admitted Rule 404(b). United States v. Czarnecki, 552 F.2d 698, 702 (6th Cir. 1977). While the similarity of the evidence has been seen as a highly important factor in determining admissibility, dissimilar conduct has been held to be properly admitted. United States v. Czarnecki, 552 F.2d at 702. *See also* United States v. Beechum, 582 F.2d at 912 n.15. Thus, where both the offense charged and the extrinsic act are related to the same state of mind, intent, or mode of operation, the relevancy prong of the two-prong Beechum test is satisfied. See United States v. Beechum, 582 F.2d at 912 n.15. *See also e.g*., United States v. Dunbar, 614 F.2d 39, 41-42 (5th Cir. 1980).

C.  **Application of Law to the Facts**

The first determination that must be made is whether the proffered evidence is intrinsic or extrinsic. The evidence of recent flight, prior smuggling of person is intrinsic as it is part of and intertwined with her motive, knowledge, lack of mistake, plan and intent. It further demonstrates her impetus to commit the acts alleged in this indictment. It shows an ongoing or continuing plan or scheme and shows the development of a course of conduct that led to the commission of the charged conspiracy. *See* United States v. Adcock, 558 F.2d at 401. It completes the picture and provides the jury with a fuller understanding of what occurred.3

---

3  The Fourth Circuit, in approving the res gestae exception, noted that evidence of other crimes is admissible when it "furnishes part of the context of the crime or is necessary to a full presentation of the case or is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its environment that its proof is appropriate in order to complete the story of the crime on trial by proving its immediate context." The Court further recognized that the jury is entitled to know the setting of the case. United States v. Master, 622 F.2d 83, 85 (4th Cir. 1980).

If it is determined that the evidence is extrinsic, it is still admissible pursuant to Rule 404(b). The defendant is charged with committing a conspiracy and acts, all of which entail smuggling across the United States-Mexico border. At trial, in order to prove the elements of the offense charged, the Government has the burden of showing that the defendant acted knowingly when she committed these acts and that she intended to commit the charged conspiracy and smuggling. The defendant has pled "not guilty." By so doing, she has placed her state of mind, that is, her intent and knowledge, in issue. *See* United States v. Misher, 99 F.3d 664, 670 (5th Cir. 1996); United States v. Merkt, 794 F.2d 950, 963 (5th Cir. 1986). Her "not guilty" plea serves as a general denial which makes her other acts highly relevant and probative. The evidence of her prior border encounters demonstrates she understands border restrictions and inspection methods. This evidence establishes that her actions were deliberate and knowing.

More importantly, this evidence clearly demonstrates her motive for committing these offenses and as such, is admissible. Stated succinctly, the defendant had a need for funds and needed a way to obtain them regardless of the legality. This is a permissible use of other crimes evidence under Rule 404(b).

### 2. Probative Value Exceeds Danger of Unfair Prejudice

If it is determined the evidence proffered is relevant to an issue other than the defendant's character, the trial court is required to perform a balancing test under Rule 403, Fed. R. Evid. United States v. Beechum, 582 F.2d at 911; see also United States v. Loveless, 139 F.3d 587, 592 (8th Cir. 1998). This rule provides that evidence, though relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or would mislead the jury. The balancing test involves a "common sense" assessment of

all the circumstances surrounding the extrinsic offense. "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was *with ensuring that restrictions would not be placed on the admission of such evidence*." Huddleston, 485 U.S. at 688-89 (emphasis added). Before a court may exclude extrinsic evidence, it must find that the danger of unfair prejudice substantially outweighs the incremental probative value of the evidence. Beechum, 582 F.2d at 911; Accord United States v. Grimes, 244 F.3d 375, 385 (5th Cir 2001); United States v. Silva, 748 F.2d 262, 262 (5th Cir.1984). Unfair prejudice, as used in Rule 403, Fed. R. Evid., is not simply evidence which is adverse to the opposing party since all evidence is prejudicial or it would not be relevant; the prejudice must be unfair. 2 Weinstein's Evidence, § 403.04[1][a], 10th Ed., 2014. The Advisory Committee Notes to the rule define unfair prejudice as meaning "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Rule 403, Advisory Committee Notes, 1972 Proposed Rules. Evidence that might appeal to a jury's sympathies, arouse its sense of horror or instinct to punish or which triggers other similar type responses may qualify as unfairly prejudicial. See 2 Weinstein's Evidence, § 403.04[1][b],[c]. Beechum suggests that unless the extrinsic act or offense is of such "a heinous nature" and would "incite the jury to irrational decision by its force on human emotion," the evidence should be admitted. 582 F.2d at 917. The Fifth Circuit has warned that because the danger of prejudice is always present, "exclusion of extrinsic evidence based on its prejudicial effect should occur only sparingly." United States v. Garza, 118 F.3d 278, 284 (5th Cir. 1997)

As the previously cited cases reveal, evidence of prior smuggling is properly admitted to show knowledge, plan, intent, absence of mistake and motive. Those cases recognized that

11

although the evidence of such activity was prejudicial, it was not unfairly so. The evidence of her prior smuggling will consist of the defendant's conviction and testimony of law enforcement. There will be no additional testimony or exhibits concerning this topic by the government during its case-in-chief. This testimony and indeed the conviction itself, are not so "heinous" as to incite the jury to make an irrational decision. This limited presentation, in conjunction with proper jury instructions regarding the use of such evidence, will adequately protect the defendant against any danger of unfair prejudice. See Fifth Circuit Pattern Jury Instruction No. 1.30; 2 Weinstein's Evidence, § 403.02[2][c].

### 3. The Prior Acts are Close in Time and Not Remote

The proximity of the other act to the current charge is one factor to be considered by the trial court, though it is not a requirement for admission. United States v. Brookins, 919 F.2d 281, 286 (5th Cir. 1990); accord, United States v. Drew, 894 F.2d at 970. Appellate courts have upheld the admission of extrinsic evidence of acts as much as several years old.[4] In short, the proffered evidence is not excludable as remote. *See* United States v. Rubio-Gonzales, 674 F.2d 1067, 1075 (5th Cir. 1982) (prior bad act occurring more than 10 years prior was properly

---

[4] *See, e.g.,* United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989)(testimony that defendant improperly used his wife's social security number 13 years before admissible); United States v. Spillone, 879 F.2d 514 (9th Cir.1989)(admission of 10 year old conviction permissible); United States v. Rubio-Gonzalez, 674 F.2d 1067, 1075 (5th Cir.1982) (one prior bad act occurring over 10 years before admissible to prove knowledge); United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997)(permitting testimony of prior witness tampering nine years ago); United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995)(six year old drug convictions admissible to prove conspiracy to distribute marijuana); United States v. Wint, 974 F.2d 961, 967 (8th Cir. 1992)(five year old arrest for possession of cocaine admissible to prove distribution of cocaine); United States v. Zeidman, 540 F.2d 314, 319 (7th Cir. 1976)(five year old statement admitting fraud relevant to prove mail fraud); United States v. Pollock, 926 F.2d 1044 (11th Cir. 1991)(five year old conviction for conspiracy to import marijuana admissible to prove defendant's knowledge that cocaine was in defendant's car).

12

admitted under 404); United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989) (13 year old extrinsic evidence properly admitted under Rule 404); United States v. Spillane, 879 F.2d 514, 519 (9th Cir. 1989) (17 year old prior offense properly admitted under Rule 404).

### III. CONCLUSION

Accordingly, for the foregoing reasons and authorities, the other crimes evidence identified in this notice should be admitted.

This 6th day of July, 2017

                                          Respectfully submitted,

                                          HAROLD BRITTAIN
                                          Acting United States Attorney

By:   s/ *Annette Williams*
        Annette Williams
        Assistant U.S. Attorney
        1575 20th Avenue, 2nd Floor
        Gulfport, MS 39501
        Ph: 228-563-1560
        MSB# 9641

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Attorney for the Defendant

                                             s/ *<u>Annette Williams</u>*
                                                 Annette Williams
                                          Assistant United States Attorney
                                          No.: 9641