IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Criminal No.: 1:12cr68HSO-JCG

PAULA VILLALVA-PATRICIO

## DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER ACTS

COMES NOW, Defendant, Paula Villalva-Patricio by and through her attorney, Melvin G. Cooper and files this her response to the Government's Notice of Intent to Offer Evidence of the Other Acts and for her reasons, states the following, to wit:

1.

The Government alleges in paragraph numbered one (1) of its Notice that Defendant was convicted of a misdemeanor conviction for aiding and abetting illegal entry in violation of 18 USCS Section 2 and 8 United States Code Section 1325. Further, the Government alleges that on July 4, 1998 and January 4, 2002, she attempted to bring minors across the border from Mexico into the United States.

2.

The Defendant objects of the Government's Notice to introduce the aforementioned evidence as intrinsic or "intertwined" evidence.

### Legal Analysis

Rule 404(b) of the Federal Rules of Evidence provides: <u>Other Crimes, wrong, or acts:</u>

1

Evidence or other crimes, wrong, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absent of mistake or accident.

3.

Federal Rule of Evidence 404(b) requires that the prosecutor provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial, and do so before trial. The Government filed its Notice at 7:07 p.m. on July 6, 2017 that consisted of fourteen pages and numerous cited cases, knowing that the subject matter case commence to trial on July 10, 2017.

4.

The defendant contends the determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making discussion of this kind under Rule of Evidence 403. *United States v Beechun, 582 F.2d.898*

Federal Rule of Evidence 403:

All relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue, delay, waste of time, or needless presentation of cumulative evidence.

5.

The misdemeanor conviction that the government cited in its Motion was on March 28, 1990 and the uncharged attempts to smuggle a minor from Mexico to the United States were in the years of 1998 and 2002, the latter year is more than Ten (10) years. Rule 404 (b) prohibit use of evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

6.

The Fifth Circuit Court in *Beechum* focused on other consideration in assessing the incremental probative value of the extrinsic offense evidence instead of recognizing the well-established distinction between specific and general intent crimes.

7.

The Government averred that the defendant enter a plea of not guilty to the instant indictment. Whether a not guilty plea sufficiently raises the issue of intent to make extrinsic offense evidence admissible in the government's case-in-chief is a question that the Circuits answered in the negative two decades ago.

8.

The proximity of the other acts to the current charge is one factor to be considered by the trial Court. *United States v Brookins 919 F. 2d 281, 286 (5th Cir. 1990)*

9.

The defendant contends that limiting presentation, in conjunction with proper jury instructions will not adequately protect the defendant against danger of unfair prejudice.

## Conclusion

The presumption of innocence is a fundamental Characteristic of our criminal procedure system. Yet, Rule 404(b) evidence tends to draw the attention of the jurors away from the substantive issues on trial toward the defendant's bad character. The rule expresses the concern that the accused will be tried for her uncharged misconduct rather for the crime charge.

RESPECTFULLY SUBMITTED, this the 7th day of July, 2017

Paula Villalva-Patricia<br>
Defendant<br><br>
BY: /s/Melvin G. Cooper<br>
Melvin G. Cooper<br>
Attorney for Defendant

Melvin G. Cooper
Attorney for Defendant
178 Main St. Ste 104
Biloxi, Ms 39530
Phone: 228-435-4529
Fax: 228-435-2529
Bar No.: 8352
mgcoper@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Attorney for Government

/s/Melvin G. Cooper<br>
Melvin G. Cooper<br>
Attorney for Defendant